Honorable Margaret Moore Travis County Attorney P.O. Box 1748 Austin, Texas 78767
Re: Constitutionality of rules of Texas State Board of Medical Examiners relating to acupuncturists
Dear Ms. Moore:
You have requested our opinion as to whether the current regulations of the Texas State Board of Medical Examiners concerning the practice of acupuncture violate the constitutional rights of acupuncture patients and practitioners. We find that four of the regulations do not meet the "reasonable relationship test."
The Medical Practices Act, article 4495b, section 1.03, subsection 8(A), V.T.C.S., defines as "practicing medicine" those who shall diagnose, treat, or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury by any system or method and to effect cures thereof and charge therefor, directly or indirectly, money or other compensation.
For purposes of this opinion, we will assume that this definition encompasses all who perform acupuncture for compensation. Thompson v. Texas State Board of Medical Examiners,570 S.W.2d 123, 127, (Tex.Civ.App.-Tyler 1978, writ ref'd n.r.e.), citing several out-of-state decisions, held that acupuncture was within the definition of practicing medicine. Nevertheless, a number of other healing arts or professions which otherwise would constitute the practice of medicine have been excluded from the definition of "practicing medicine" by the legislature. See, e.g., articles 4512(b) (chiropractors); 4512c (psychologists); 4512d (athletic trainers); 4512e (physical therapists); 4513-4528c (nurses); 4542a (pharmacists); 4543-4551h (dentists); 4552-1.02 (optometrists); 4567-4575a (podiatrists), V.T.C.S. Acupuncture has not been so excluded.
The Texas State Board of Medical Examiners is charged with the primary responsibility for regulating the practice of medicine, and has the authority to issue regulations concerning acupuncture. V.T.C.S. art. 4495b. The question raised by your letter is whether 22 Texas Administrative Code, sections 183.1-183.12 meet constitutional standards. These sections establish a system in which physicians supervise acupuncturists. In addition to giving the physician general responsibility for the acupuncture practitioner, the regulations are very specific in regard to the place and manner of the supervision. Among the requirements of the regulations are the following: (1) the acupuncturist is not allowed to work in a location "physically separate" from the supervising physician, 22 T.A.C. § 183.6(a); (2) a physician may supervise only one acupuncturist,22 T.A.C. § 183.7; (3) there may be no separate billing for services rendered by the acupuncturist, 22 T.A.C. § 183.5; and (4) an acupuncturist must wear a name tag with printing at least 3/8 inches in height with the designation "Mr., Miss, Mrs. or Ms." and surname plus "acupuncturist." 22 T.A.C. § 183.4(c).
The "reasonable relationship test" is the basic constitutional standard for determining whether state statutes and regulations comply with the Fourteenth Amendment to the United States Constitution. The reasonable relationship test requires that regulations and statutes be rationally related to a constitutionally permissible purpose. Vance v. Bradley,440 U.S. 93 (1979); San Antonio Independent School District v. Rodriguez,411 U.S. 1 (1973). In the case of the board's regulations regarding acupuncture, protection of the public health is unquestionably a permissible purpose. Thus, here the only issue under this test is whether the board's regulations are reasonably calculated to effect that purpose.
In Wensel v. Washington, (D.C.Super.Ct. 1975), reprinted as the appendix to Lewis v. District of Columbia Commission on Licensure to Practice the Healing Art, 385 A.2d 1148, 1154 (D.C. 1978), the court used the "reasonable relationship test" to examine regulations which permitted only a licensed physician or someone under the direct and immediate supervision of a licensed physician to perform acupuncture and required that the acupuncturist not receive fees from patients but instead be an employee of the supervising physician. The parallels to the Texas regulations are quite obvious. The court in Wensel found that local medical schools did not train physicians in acupuncture and that doctors in the District of Columbia did not have skill and knowledge in the area. The court also found that the acupuncture regulations, which purported to protect the public health, in fact authorized licensed physicians to administer or supervise acupuncture treatment, notwithstanding their total lack of knowledge of acupuncture, and prevented knowledgeable and skilled individuals from practicing the art. The court held that under such facts the entire body of regulations was without a rational basis and therefore violated the due process clause of the United States Constitution.
The court in Andrews v. Ballard, 498 F. Supp. 1038, 1051
(S.D.Tex. 1980), which held unconstitutionally void earlier regulations of the Texas Board of Medical Examiners respecting acupuncture, found that "Texas medical schools . . . do not presently offer formal training in either the theory or practice of acupuncture." You state that this continues to be the case. 22 Texas Administrative Code, sections 183.1-183.12 require that a supervising physician submit information on his or her professional background, including medical education, internship, residency, hospital staff positions, and "such other information the board deems necessary, especially including his or her familiarity with the practice of acupuncture." However, you state that the board approves supervising physicians without actually examining or testing their knowledge of or competency in the field of acupuncture. This failure of the board to examine or test sponsoring physicians' competence in the particular field of acupuncture and the continuing absence of formal training in acupuncture in the state's medical schools parallel the fact findings of the court in Wensel that resulted in the invalidation of acupuncture regulations of the District of Columbia.
These facts become of greater constitutional significance when they are viewed in the context of the four specific provisions of the Texas regulations which were referred to above. We can find no rational relationship between protecting the public health and (1) restricting an acupuncturist from having "an office independent of or physically separate from the supervising physician" without a relevant description of the work prohibited in that office or regardless of the proximity of the office to the supervising physician and his ability to supervise, (2) allowing only one acupuncturist per supervising physician, without regard to the physician's competence, (3) preventing separate itemized billing for acupuncturist services, or (4) compelling the wearing of lapel pins. Hence, the respective Texas Administrative Code provisions, i.e., the last sentence of subsection (a) of section 183.6, the first sentence of section 183.7, section 183.5, and subsection (c) of section 183.4, are void on their face. When regulations such as these are coupled with a regulatory scheme in which there is no meaningful examination into the competency of the sponsoring physician in the particular field of acupuncture and apply in a state whose medical schools offer no formal training in acupuncture, then, as in Wensel, the regulations as a whole may not be reasonably related to safeguarding the public health and could therefore be unconstitutional in their entirety.
 SUMMARY
Four specific Board of Medical Examiners Regulations, concerning acupuncture, 22 Texas Administrative Code, sections 183.4(c), 183.5 the last sentence of section 183.6(a), and the first sentence of section 183.7, are in violation of theFourteenth Amendment of the United States Constitution because there is no rational relationship between them and the protection of the public health.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Colin Carl Assistant Attorney General